UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RICKY GRAY, )<br>)<br>    Defendant. ) | Criminal No. 6:08-cr-00116-GFVT-HAI<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.[1] [R. 57.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Ricky Gray has been charged with violating the terms of his supervised release. [R. 42.] This Court entered a judgment against Mr. Gray on April 23, 2009, following a guilty plea to interstate transportation of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). [R. 23.] Mr. Gray was sentenced to 121 months in prison, followed by a lifetime term of supervised release. *Id.* Mr. Gray was released and began his first term of supervision on March 30, 2018. [R. 42.] On July 14, 2019, the Court received a Report on Offender Under Supervision after Mr. Gray admitted to having unauthorized contact with minors. However, based on the probation officer's recommendation, the Court took no action at that time. [R. 41.]

---

[1] Certain pre-R&R matters were handled by Magistrate Judge Edward B. Atkins. However, the final hearing and Report and Recommendation were handled by Judge Ingram.

On June 11, 2021, the United States Probation Office (USPO) initiated these proceedings by issuing a Supervised Release Violation Report charging Mr. Gray with having committed the following three violations: (1) possession and use of a smartphone (a Grade C violation); (2) viewing pornography (a Grade C violation); and (3) commission of a crime (a Grade A violation).  Mr. Gray admitted to smartphone use at a friend's house to access the internet, use of his aunt's phone to utilize GPS features, and troubleshooting his mother's smartphone.  Mr. Gray also accessed the Grindr application to view pornography, and he "admitted to viewing a minor male masturbating in a video chat on the Omegle website," which is a violation of 18 U.S.C. § 2252A(5)(b).  [R. 57 at 3.]  However, the parties conferred and agreed that the conduct in Violation #3 qualifies as a Grade B violation instead of a Grade A violation, and Judge Ingram agrees with the parties' assessment that Violation #3 is a Grade B violation.  [R. 53; R. 57.]

Judge Atkins conducted Mr. Gray's initial appearance on June 16, 2021, pursuant to Rule 32.1.  [R. 47.]  Following Mr. Gray's knowing, intelligent, and voluntary waiver of his right to a preliminary hearing, the Court set a final hearing date.  *Id.*  After hearing from both sides, Judge Atkins determined that detention was required pursuant to 18 U.S.C. § 3143(a).  *Id.*  Following the circulation of an amended version of the Violation Report, the final hearing scheduled for June 25, 2021, was converted into a status conference and the final hearing was rescheduled to July 15, 2021.  [R. 48; R. 49.]

At the final hearing, Mr. Gray was afforded all rights to which he was due pursuant to Rule 32.1 and 18 U.S.C. § 3583.  [R. 54.]  Mr. Gray waived a formal hearing and initially stated his intent to stipulate to all three violations.  *Id.*  However, after hearing Mr. Gray's colloquy, Judge Ingram determined that there was not a sufficient factual basis to recommend that this Court accept Mr. Gray's stipulation to Violation #3.  [R. 57 at 4.]  The Untied States agreed and

moved to dismiss Violation #3, which Judge Ingram recommends this Court grant. *Id.* at 5. However, Judge Ingram explained to Mr. Gray that the conduct contained in Violation #3 is still considered in forming the sentence recommendation in this case. *Id.* Mr. Gray then entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. [R. 54.] Mr. Gray admitted the factual basis for both violations, pursuant to Rule 32.1, and therefore the Government established both violations under the standard set forth in § 3583(e).

Counsel for the Government recommended that Mr. Gray received a sentence of nine months of imprisonment and a lifetime term of supervision. [R. 57 at 5.] Mr. Gray's counsel requested six months of imprisonment followed by ten years of supervision. *Id.* Mr. Gray's lifetime supervision was imposed prior to *United States v. Inman*, 666 F.3d 1001 (6th Cir. 2012), which requires courts to closely examine the imposition of lifetime terms of supervised release and the accompanying special conditions. *Id.* Accordingly, Judge Ingram addressed the special conditions for sex offenders in the context of *Inman*. *Id.*

## II

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in § 3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction. Here, Mr. Gray pleaded guilty to interstate transportation of visual depictions of minors engaged in sexually explicit conduct, which is a Class C felony. [R. 20; *see also* 18 U.S.C. § 2252(a)(1).] Pursuant to § 3583, the maximum revocation sentence for a Class C felony is two years of imprisonment. *See* 18 U.S.C. § 3583(e).

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Gray's criminal history and admitted Grade C violations, that Mr. Gray's range of revocation is three to nine months. [R. 57 at 6.] Judge Ingram also addressed the fact that a court is permitted to re-impose supervised release "for a maximum period that usually subtracts any term of incarceration imposed due to the violations." *Id.*; *see also* 18 U.S.C. § 3583(b) & (h). The post-revocation cap is dependent on the term of supervised release that is "authorized by statute for the offense that resulted in the original term of supervised." 18 U.S.C. § 3583(h). Here, Mr. Gray faces a lifetime maximum term of supervised release following revocation given the nature of his conviction. [R. 57 at 6.]

Judge Ingram ultimately found the Government's recommendation of nine months of imprisonment followed by lifetime supervision to be appropriate. *Id.* To reach this conclusion, Judge Ingram carefully considered all of the statutory factors imported into the § 3583(e) analysis in addition to the Guidelines Range of three to nine months. *Id.* at 8. Judge Ingram discussed the great harm Mr. Gray's offense causes to victims and the generalized risk of harm to vulnerable members of society. *Id.* Judge Ingram also discussed Mr. Gray's need for education and treatment and the fact that Mr. Gray, despite his candor at the final hearing, has breached the Court's trust through deception. *Id.* Judge Ingram also carefully reviewed and examined each individual special condition in light of *Inman*. *Id.* at 9.

After thorough review and analysis, Judge Ingram ultimately makes the following recommendations: (1) that Mr. Gray be found guilty of Violations #1 and #2; (2) That the Government's motion to dismiss Violation #3 be granted; (3) that Revocation and imprisonment for a term of nine months be imposed; and (4) that lifetime supervision with the original conditions included in Mr. Gray's judgment, with certain modifications and with an additional

4

special condition for a review after ten years of Mr. Gray's progress and his conditions. *Id.* at 13–14.

Judge Ingram recommended the imposition of the following conditions, which are the original special conditions contained in Mr. Gray's judgment with certain modifications:

    1. The defendant shall participate in a program for treatment of mental health/sexual disorders, and shall undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed, be subject to periodic polygraph examinations, at the discretion and direction of the probation officer, and shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.
    2. The defendant shall not consume any alcoholic beverages.
    3. The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.
    4. The defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and shall have no contact with victims.
    5. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the U.S. probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.
    6. The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.
    7. The defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer.
    8. The defendant shall not rent or use a post office box or storage facility., without the approval of the probation officer.
    9. The defendant shall register as a sex offender as prescribed by state or federal law.
    10. The defendant shall not possess or use a computer or any device with access to any on-line computer service at any location, including place of employment, without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or email system.
    11. The defendant shall consent to the U.S. Probation Office conducting unannounced examinations of any and all electronic devices (i.e. computer system(s), internal/external storage devices, hand-held devices, etc.), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough

    inspection and will consent to having installed on his computer(s) or electronic devices any hardware/software to monitor device use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.
    12. The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and all electronic devices; all account usernames; all passwords used by him; and, will abide by all rules of the Electronic Device Restriction and Monitoring Program.
    13. The defendant shall submit his person, residence, office, vehicle, or any property under his control to search, conducted by a United States Probation Officer(s) at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.
    14. The defendant shall provide the probation officer with access to any requested financial information.

*Id.* at 9–13. Judge Ingram also recommends an additional condition that the Court reevaluate these conditions after ten years to address any emerging needs, advances in technology, and changes in the law that may occur. *Id.* at 13.

  Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 14; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.* at 14; *see Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019). Mr. Gray has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 58.]

  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are

6

also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Ricky Gray **[R. 57]** is **ADOPTED** as and for the opinion of the Court;
2. Mr. Gray is found guilty of Violations #1 and #2;
3. The Government's motion to dismiss Violation #3 is **GRANTED**;
4. Mr. Gray's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of nine months; and
5. Following the period of incarceration, Mr. Gray's lifetime term of supervision shall be reimposed with the original standard conditions included in Defendant's Judgment, in addition to the special conditions of supervision specified above and an additional special condition that the Court review Mr. Gray's progress and his condition after ten years.

This the 10th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge